## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **DENICOLE YOUNG**<br>**5990 Richmond Highway, Apt. 201**<br>**Alexandria, Virginia 22303**<br><br>**and**<br><br>**VANESSA GHEE**<br>**5990 Richmond Highway, Apt. 201**<br>**Alexandria, Virginia 22303**<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**WILLIAM F. BURTON, ESQUIRE**<br>**1221 E Street, S.E.**<br>**Washington, D.C. 20003**<br><br>**and**<br><br>**LEWIS & TOMPKINS, P.C.**<br>**1030 15th Street, N.W.**<br>**Washington, D.C. 20005**<br><br>      **Serve:**<br>      **D.C. Registered Agent, Inc.**<br>      **1120 20th Street, N.W.**<br>      **S. Tower, #300-RLK**<br>      **Washington, D.C. 20036**<br><br>      **Defendants.** | **Civil Action No. _____** |

## COMPLAINT AND JURY TRIAL DEMAND

COME NOW Plaintiffs Denicole Young and Vanessa Ghee and for their Complaint against Defendants William F. Burton, Esquire, and Lewis & Tompkins, P.C., state as follows:

## Nature of Case

This is an action arising out of Defendants' legal malpractice in their representation of Plaintiffs in a meritorious personal injury matter.  Such malpractice includes, but is not limited to, Defendants' failure to file suit on Plaintiffs' behalf within the applicable statute of limitations, despite Defendants having been retained more than two years prior to the expiration of same. Plaintiffs seek compensatory and punitive damages based upon theories including breach of contract, negligence, wanton and willful misconduct, breach of fiduciary duties, and fraud.

## Jurisdiction and Venue

1.      Jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

2.      The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3.      Venue in this action properly lies in the United State District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district.

## Parties

4.      Plaintiff Denicole Young is an adult resident of the Commonwealth of Virginia, currently residing at 5990 Richmond Highway, Apartment 201, Alexandria, Virginia  22303.

5.      Plaintiff Vanessa Ghee is an adult resident of the Commonwealth of Virginia, currently residing at 5990 Richmond Highway, Apartment 201, Alexandria, Virginia  22303.

6.      Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., 1030 15th Street, N.W., Washington, D.C.

20005.  At all relevant times, Mr. Burton was acting within the scope of his employment,

partnership, and/or agency with Lewis & Tompkins, P.C.  At all relevant times, Mr. Burton held

himself out to the public, and to Plaintiffs, as being a competent practitioner in the area of

personal injury law.  Upon information and belief, Mr. Burton currently resides in the District of

Columbia at 1221 E Street, S.E., Washington, D.C.  20003, and currently maintains a

professional address in the District of Columbia at 325 Pennsylvania Avenue, S.E., Washington,

D.C.  20003.

7.     Defendant Lewis & Tompkins, P.C. is a professional corporation with offices at

1030 15th Street, N.W., Washington, D.C.  20005.  At all relevant times Lewis & Tompkins,

P.C. (hereinafter sometimes "L&T") was aware of, participated in, ratified and/or affirmed the

actions of its employees, agents, contractors, representatives, principals and/or partners,

including William F. Burton, Esquire.  At all relevant times, L&T held themselves out to the

public, and to Plaintiffs, as being competent practitioners in the area of personal injury law.

**Facts**

8.     On or about August 19, 2002, Plaintiff Vanessa Ghee entered into a Lease

Agreement with Stanton Glenn Apartments to lease for one year the residential dwelling unit

Apartment 2A at 3064 Stanton Road, S.E., Washington, D.C. 20020.  By agreement with Stanton

Glenn principals, both Ms. Ghee and Plaintiff Denicole Young took possession and moved into

the unit on or about the same date.

9.     In or about late August or early September of 2002, Plaintiffs were exposed to

toxic mold and/or raw sewage at their apartment unit at 3064 Stanton Road, S.E., Apartment 2A,

Washington, D.C. 20020.

3

10.    In or about late August or early September of 2002, as a result of their exposure to toxic mold and/or raw sewage, Plaintiffs felt sick, nauseous, and weak.

11.    In or about late August or early September of 2002, Plaintiffs sought treatment at George Washington Hospital, where they were both diagnosed with acute bronchitis and prescribed antibiotics.

12.    In September of 2002, Ms. Young contacted Defendant William F. Burton to discuss her potential claims arising from her exposure to toxic mold and/or raw sewage.  Mr. Burton discussed signing a retainer agreement with Ms. Young and mentioned that he was joining a new law firm, L&T.

13.    In or about the Fall of 2002, Plaintiffs continued to suffer from the harmful effects of the prior and/or continuing mold exposure.  In particular, the health of Ms. Young deteriorated, and she was again treated at George Washington Hospital, where she was diagnosed with asthma.

14.    In April of 2003, Ms. Young returned to George Washington Hospital for emergency treatment related to her exposure to toxic mold and/or raw sewage.  Ms. Young was hospitalized at George Washington Hospital for ten (10) days, and incurred in excess of $82,000.00 in medical expenses during that hospitalization.

15.    At some point during Ms. Young's hospitalization in April of 2003, Mr. Burton visited Ms. Young at the hospital.

16.    Following this hospitalization, Ms. Young continued treatment for her exposure to toxic mold and/or raw sewage with various doctors, including doctors at George Washington University Health Center, Congress Heights Clinic, and National Institute of Health.

17.    In or about late April or early May of 2003, Mr. Burton visited Plaintiffs at their home to discuss their case.

18.    On or about May 3, 2003, Plaintiffs met with Mr. Burton at L&T's offices in Washington, D.C.  At this meeting, Plaintiffs also met Sharon Tompkins, a partner at L&T.

19.    On or about May 3, 2003, Ms. Young signed a Retainer Agreement with L&T. The Retainer Agreement stated that L&T was employed to represent Ms. Young on her claim for injuries and damages arising out of or related to suspected mold or mildew toxicity at her apartment building on Stanton Road, S.E. in Washington, D.C.  The Retainer Agreement also stated that Ms. Young desired L&T to institute and prosecute a claim or suit against such persons, firms, associations, political bodies, governmental units, or corporations as L&T deems desirable or necessary.

20.    On or about January 4, 2004, Ms. Ghee signed a Retainer Agreement with L&T. The Retainer Agreement stated that L&T was employed to represent Ms. Ghee on her claim for injuries and damages arising out of or related to suspected mold or mildew toxicity at her apartment building on Stanton Road, S.E. in Washington, D.C.  The Retainer Agreement also stated that Ms. Ghee desired L&T to institute and prosecute a claim or suit against such persons, firms, associations, corporations, or other entities as L&T deems desirable or necessary.

21.    After signing the Retainer Agreements, Plaintiffs provided all information requested from them by Defendants, and in all other respects cooperated fully with any directive from Defendants regarding the representation.

22.    After signing the Retainer Agreements, Plaintiffs maintained regular contact with Mr. Burton regarding the progress of their case.  On numerous occasions, Mr. Burton reassured

Plaintiffs in person and on the telephone that he was working on their case and that he was taking care of their claims.

23.    Towards the end of 2005 and early in 2006, Mr. Burton's contact with Plaintiffs decreased. Plaintiffs contacted Mr. Burton and he reassured them that everything was fine.

24.    On at least one occasion in early 2006, Plaintiffs talked with Mr. Burton about their case. This conversation led Plaintiffs to believe that their case was in the process of being filed.

25.    Following an early 2006 telephone conversation with Mr. Burton, Plaintiffs called Mr. Burton to inquire as to the status of their case. Plaintiffs' telephone calls were often unreturned.

26.    Following an early 2006 telephone conversation with Mr. Burton, Plaintiffs did not hear from Mr. Burton, or anyone else at L&T, until May of 2006.

27.    In May of 2006, Mr. Burton told Plaintiffs that their case had been dismissed by the Superior Court of the District of Columbia. Mr. Burton apologized to Plaintiffs.

28.    At the same time, Mr. Burton told Plaintiffs that their case had been dismissed some time prior, but that he had not told them about the dismissal promptly because he was attempting to have the case reinstated.

29.    In May of 2006, following the conversation where Plaintiffs learned their case was dismissed, Mr. Burton met with Plaintiffs to give them a copy of a file of documents related to their case.

30.    At the May 2006 meeting when Mr. Burton turned over a file of documents, Mr. Burton told Plaintiffs that he had missed the statute of limitations for filing their case.

31.    At the same meeting, Mr. Burton also told Plaintiffs that he knew Plaintiffs were going to sue him and that when he is deposed he would say, "Yep I fucked up, give them whatever they want."

32.    During the same meeting, when Ms. Ghee reviewed the file of documents turned over by Mr. Burton, Ms. Ghee found a copy of a purported July 1, 2005, non-representation letter signed by Ms. Sharon Tompkins.

33.    Neither Ms. Ghee nor Ms. Young had ever previously seen, read, or received this non-representation letter prior to May of 2006.

34.    Mr. Burton told Plaintiffs that he did not even know that the non-representation letter was in the file.

35.    Mr. Burton told Plaintiffs that he believed the non-representation letter was written by Ms. Sharon Tompkins while he was out of town in the Spring of 2006.

36.    At no time prior to the expiration of the applicable statute of limitations did Defendants ever suggest that Plaintiffs' claims were not viable.

37.    At no time prior to the expiration of the applicable statute of limitations did Defendants ever take any steps to terminate the attorney-client relationship that existed.

38.    Upon information and belief, the statute of limitations for any and all personal injury claims that Plaintiffs could have brought arising from their exposure to toxic mold and/or raw sewage in September of 2002 had run on or before September of 2005.

39.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent,

principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis &

Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

### COUNT I
### (Denicole Young)
### Professional Negligence

40.     Paragraphs 1-39 are hereby incorporated as if fully set forth here.

41.     Defendants owed Plaintiff the duty of using that degree of care, skill, prudence,

and diligence that other members of the legal profession commonly possess and exercise and that

a reasonably competent lawyer acting in similar circumstances would use.

42.     Such duties included, *inter alia*, a duty to represent Plaintiff zealously and

diligently, and the duty to act so as to prevent causing any material adverse effect to Plaintiff's

interests, claims, and/or cause of action.

43.     Defendants breached their duty to Plaintiff in that they, *inter alia*:

    (a)  failed to investigate her personal injury action;

    (b)  failed timely to investigate her personal injury action;

    (c)  failed to obtain relevant documents and/or otherwise adduce the facts
        regarding Plaintiff's claims;

    (d)  failed timely to obtain relevant documents and/or otherwise adduce the
        facts regarding Plaintiff's claims;

    (e)  failed to prepare and file pleadings asserting personal injury claims on
        Plaintiff's behalf;

    (f)  failed timely to preserve Plaintiff's claims before the limitations period
        for asserting those claims had expired;

(g) failed to comply with Rules 1.1(b), 1.3, 1.4, 5.1, and 5.3 of the District

of Columbia Rules of Professional Conduct;

(h) Plaintiff also relies on *res ipsa loquitor*; and

(i) Defendants were otherwise negligent.

44.     As a direct and proximate result of the aforesaid negligence, and through no fault

of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold

and/or raw sewage in or about August or September of 2002 are time-barred.

45.     But for Defendants' negligence, Plaintiff would have recovered in the underlying

case substantial compensatory damages for the severe and permanent injuries resulting from her

exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which

amount shall be proven at trial.

46.     Defendant William F. Burton, Esquire was at all relevant times an attorney and

partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted

within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C.,

who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent,

principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis &

Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Denicole Young demands judgment against Defendants William

F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1)

compensatory damages in the amount of not less than $1,000,000.00, which amount will be

proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as

permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II
### (Vanessa Ghee)
### Professional Negligence

47.     Paragraphs 1-46 are hereby incorporated as if fully set forth here.

48.     Defendants owed Plaintiff the duty of using that degree of care, skill, prudence, and diligence that other members of the legal profession commonly possess and exercise and that a reasonably competent lawyer acting in similar circumstances would use.

49.     Such duties included, *inter alia*, a duty to represent Plaintiff zealously and diligently, and the duty to act so as to prevent causing any material adverse effect to Plaintiff's interests, claims, and/or cause of action.

50.     Defendants breached their duty to Plaintiff in that they, *inter alia*:

(a) failed to investigate her personal injury action;

(b) failed timely to investigate her personal injury action;

(c) failed to obtain relevant documents and/or otherwise adduce the facts regarding Plaintiff's claims;

(d) failed timely to obtain relevant documents and/or otherwise adduce the facts regarding Plaintiff's claims;

(e) failed to prepare and file pleadings asserting personal injury claims on Plaintiff's behalf;

(f) failed timely to preserve Plaintiff's claims before the limitations period for asserting those claims had expired;

(g) failed to comply with Rules 1.1, 1.3, 1.4, and 5.1 of the District of Columbia Rules of Professional Conduct;

(h) Plaintiff also relies on *res ipsa loquitor*; and

(i)  Defendants were otherwise negligent.

51.    As a direct and proximate result of the aforesaid negligence, and through no fault

of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold

and/or raw sewage in or about August or September of 2002 are time-barred.

52.    But for Defendants' negligence, Plaintiff would have recovered in the underlying

case substantial compensatory damages for the severe and permanent injuries resulting from her

exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which

amount shall be proven at trial.

53.    Defendant William F. Burton, Esquire was at all relevant times an attorney and

partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted

within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C.,

who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent,

principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis &

Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Vanessa Ghee demands judgment against Defendants William

F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1)

compensatory damages in the amount of not less than $1,000,000.00, which amount will be

proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as

permitted by law; and (4) such other and further relief as this Court deems proper.

### COUNT III
### (Denicole Young)
### Breach of Contract

54.    Paragraphs 1-53 are hereby incorporated as if fully set forth here.

11

55.    Defendants entered into a valid, binding, and enforceable contract to represent Plaintiff regarding her claim for injuries and damages arising out of or related to suspected mold or mildew toxicity at her apartment building on Stanton Road, S.E. in Washington, D.C.

56.    Defendants breached that agreement by failing timely to assert those claims in the appropriate court of law and/or otherwise protect those claims.

57.    As a direct and proximate result of the aforesaid breach of contract, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 at her apartment building on Stanton Road, S.E. in Washington, D.C. are time-barred.

58.    But for Defendants' breach of contract, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

59.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Denicole Young demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be

proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT IV
### (Vanessa Ghee)
### Breach of Contract

60.    Paragraphs 1-59 are hereby incorporated as if fully set forth here.

61.    Defendants entered into a valid, binding, and enforceable contract to represent Plaintiff regarding her claim for injuries and damages arising out of or related to suspected mold or mildew toxicity at her apartment building on Stanton Road, S.E. in Washington, D.C.

62.    Defendants breached that agreement by failing timely to assert those claims in the appropriate court of law and/or otherwise protect those claims.

63.    As a direct and proximate result of the aforesaid breach of contract, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 at her apartment building on Stanton Road, S.E. in Washington, D.C. are time-barred.

64.    But for Defendants' breach of contract, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

65.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent,

principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis &
Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Vanessa Ghee demands judgment against Defendants William
F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1)
compensatory damages in the amount of not less than $1,000,000.00, which amount will be
proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as
permitted by law; and (4) such other and further relief as this Court deems proper.

**COUNT V**
**(Denicole Young)**
**Wanton and Willful Misconduct; Reckless and**
**Conscious Disregard for the Rights of Denicole Young**

66.    Paragraphs 1-65 are hereby incorporated as if fully set forth here.

67.    Defendants acted in a willful and wanton manner and with such recklessness as to
evince a conscious disregard for the rights of Plaintiff by, *inter alia*:

(a) failing appropriately to investigate Plaintiff's claims;

(b) failing to respond to Plaintiff's reasonable and legitimate requests to
speak to a lawyer regarding her case;

(c) failing timely to file pleadings or otherwise protect Plaintiff's rights;

(d) failing to file pleadings or otherwise protect Plaintiff's rights before the
limitations period on asserting those rights in a court of law had expired.

(e) representing to Plaintiff that everything was proceeding well and
progressing smoothly with her case prior to the lapse of the statute of
limitations, even though Defendants' were not properly preparing the
case for timely filing;

14

(f) representing to Plaintiff that everything was proceeding well and progressing smoothly with her case after the lapse of the statute of limitations, even though Defendants' had already allowed the statute of limitations to run;

(g) representing to Plaintiff that her case had been properly filed but had been rejected by the court for unknown reasons, even though Defendants knew that the case had not been properly filed and/or knew why the case had been rejected; and

(h) representing to Plaintiff that Defendants had terminated Plaintiff as a client prior to the lapse of the statute of limitations, even though no timely termination ever occurred.

68.    As a direct and proximate result of Defendants' willful and wanton misconduct and reckless and conscious disregard for Plaintiff's rights, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 are time-barred.

69.    But for Defendants' willful and wanton misconduct and reckless and conscious disregard for Plaintiff's rights, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

70.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C.,

who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Denicole Young demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

**COUNT VI**
**(Vanessa Ghee)**
**Wanton and Willful Misconduct; Reckless and**
**<u>Conscious Disregard for the Rights of Vanessa Ghee</u>**

71.    Paragraphs 1-70 are hereby incorporated as if fully set forth here.

72.    Defendants acted in a willful and wanton manner and with such recklessness as to evince a conscious disregard for the rights of Plaintiff by, *inter alia*:

> (a) failing appropriately to investigate Plaintiff's claims;
>
> (b) failing to respond to Plaintiff's reasonable and legitimate requests to speak to a lawyer regarding her case;
>
> (c) failing timely to file pleadings or otherwise protect Plaintiff's rights;
>
> (d) failing to file pleadings or otherwise protect Plaintiff's rights before the limitations period on asserting those rights in a court of law had expired.
>
> (e) representing to Plaintiff that everything was proceeding well and progressing smoothly with her case prior to the lapse of the statute of

limitations, even though Defendants' were not properly preparing the

case for timely filing;

(f) representing to Plaintiff that everything was proceeding well and

progressing smoothly with her case after the lapse of the statute of

limitations, even though Defendants' had already allowed the statute of

limitations to run;

(g) representing to Plaintiff that her case had been properly filed but had

been rejected by the court for unknown reasons, even though Defendants

knew that the case had not been properly filed and/or knew why the case

had been rejected; and

(h) representing to Plaintiff that Defendants had terminated Plaintiff as a

client prior to the lapse of the statute of limitations, even though no

timely termination ever occurred.

73.    As a direct and proximate result of Defendants' willful and wanton misconduct

and reckless and conscious disregard for Plaintiff's rights, and through no fault of Plaintiff,

Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw

sewage in or about August or September of 2002 are time-barred.

74.    But for Defendants' willful and wanton misconduct and reckless and conscious

disregard for Plaintiff's rights, Plaintiff would have recovered in the underlying case substantial

compensatory damages for the severe and permanent injuries resulting from her exposure to

toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be

proven at trial.

75.     Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Vanessa Ghee demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

## COUNT VII
### (Denicole Young)
### **Breach of Fiduciary Duties**

76.     Paragraphs 1-75 are hereby incorporated as if fully set forth here.

77.     Plaintiff and Defendants were in an attorney-client relationship and Defendants were in a position of trust regarding Plaintiff.  In that capacity, Defendants owed certain fiduciary duties to Plaintiff, including the duty to provide competent representation, to represent Plaintiff zealously and diligently, to keep Plaintiff reasonably informed about the status of her case, to ensure that every lawyer or nonlawyer working on her case complied with his or her professional obligations to Plaintiff, to protect and preserve Plaintiff's rights, and the duties of good faith, loyalty, candor, and full disclosure.

78.     As previously alleged herein, Defendants failed to provide competent representation, to represent Plaintiff zealously and diligently, to keep Plaintiff reasonably informed about the status of her case, to ensure that every lawyer or nonlawyer working on her case complied with his or her professional obligations to Plaintiff, to protect and preserve Plaintiff's claims, and failed to disclose to Plaintiff the true status of her case.

79.     Defendants breached their fiduciary duties to Plaintiff.

80.     As a direct and proximate result of the aforesaid breaches, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 at her apartment are time-barred.

81.     But for Defendants' breaches, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

82.     Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Denicole Young demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs

associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

## COUNT VIII
### (Vanessa Ghee)
### Breach of Fiduciary Duties

83.    Paragraphs 1-82 are hereby incorporated as if fully set forth here.

84.    Plaintiff and Defendants were in an attorney-client relationship and Defendants were in a position of trust regarding Plaintiff.  In that capacity, Defendants owed certain fiduciary duties to Plaintiff, including the duty to provide competent representation, to represent Plaintiff zealously and diligently, to keep Plaintiff reasonably informed about the status of her case, to ensure that every lawyer or nonlawyer working on her case complied with his or her professional obligations to Plaintiff, to protect and preserve Plaintiff's rights, and the duties of good faith, loyalty, candor, and full disclosure.

85.    As previously alleged herein, Defendants failed to provide competent representation, to represent Plaintiff zealously and diligently, to keep Plaintiff reasonably informed about the status of her case, to ensure that every lawyer or nonlawyer working on her case complied with his or her professional obligations to Plaintiff, to protect and preserve Plaintiff's claims, and failed to disclose to Plaintiff the true status of her case.

86.    Defendants breached their fiduciary duties to Plaintiff.

87.    As a direct and proximate result of the aforesaid breaches, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 at her apartment are time-barred.

88.    But for Defendants' breaches, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her

exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

89.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Vanessa Ghee demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

## COUNT IX
### (Denicole Young)
### Fraud

90.    Paragraphs 1-89 are hereby incorporated as if fully set forth here.

91.    Beginning in 2003 after signing the Retainer Agreement, and continuing throughout 2005, Plaintiff Denicole Young and/or Vanessa Ghee maintained contact with Defendant William F. Burton, Esquire.  Throughout this time period, Plaintiff Denicole Young and/or Vanessa Ghee discussed the status and progress of their case with Mr. Burton, either on the telephone or in person.  On numerous occasions, Mr. Burton represented to Plaintiff Denicole Young and/or Vanessa Ghee that the case was progressing, and that he was advancing the claim.

This type of reassuring conversation took place often throughout 2003, 2004, and into 2005, and among other dates and times, specifically occurred on or about August 11, 2005.

92.    Following July 1, 2005, throughout the remainder of 2005, including after the date that the statute of limitations lapsed, and into 2006, Plaintiff Denicole Young and/or Vanessa Ghee discussed the status and progress of their case with Mr. Burton, either on the telephone or in person. On numerous occasions following July 1, 2005, Mr. Burton represented to Plaintiff Denicole Young and/or Vanessa Ghee that the case was progressing, and that he was advancing their claim. This type of reassuring conversation took place often in 2005 and into 2006, and among other dates and times, specifically occurred on or about August 11, 2005 and January 12, 2006.

93.    Defendants made false representations to Plaintiff by, *inter alia*:

> (a) representing to Plaintiff throughout 2003, 2004, and into 2005 that everything was proceeding well and progressing smoothly with her case prior to the lapse of the statute of limitations, even though Defendants were not properly preparing the case for timely filing;

> (b) representing to Plaintiff that everything was proceeding well and progressing smoothly with her case after the lapse of the statute of limitations, in late 2005 and early 2006, even though Defendants had already allowed the statute of limitations to run;

> (c) representing to Plaintiff that her case had been properly filed but had been rejected by the court for unknown reasons, even though Defendants knew that the case had not been properly filed and/or knew why the case had been rejected; and

(d) representing to Plaintiff that Defendant L&T had terminated Plaintiff as a client prior to the lapse of the statute of limitations, even though no timely termination ever occurred, and Defendants had maintained contact with Plaintiff following the date of the alleged termination.

94.    Through a purported July 1, 2005 letter signed by Ms. Sharon Tompkins, and the delivery of same to Plaintiff in May of 2006 by Mr. Burton, Defendants made false representations to Plaintiff by, *inter alia*:

(a) representing to Plaintiff that she had in fact been terminated as a client by Defendants by this July 1, 2005 letter even though Plaintiff had never seen, read, or received this letter;

(b) representing to Plaintiff that the content, substance, nature, and date of the July 1, 2005 letter were true and accurate;

(c) representing to Plaintiff that the July 1, 2005 letter was in the client file and something of which Plaintiff should have been aware; and

(d) representing to Plaintiff that everything was proceeding well and progressing smoothly with her case <u>after</u> the date of the letter, even though, if the letter was true and correct, Defendants had terminated Plaintiff as a client and were not properly preparing the case for timely filing at any point after July 1, 2005.

95.    All of the aforementioned false representations relate to a material fact, namely the timely filing and preservation of Plaintiff's personal injury claims. All of the aforementioned false representations of material facts were made directly to Plaintiff.

96.    At the time Defendants made the aforementioned false representations of material facts, Defendants knew the representations to Plaintiff were false.  Defendants knew that they were not properly handling Plaintiff's claim prior to the lapse of the statute of limitations. Defendants knew they were not properly handling Plaintiff's claim after the lapse of the statute of limitations.

97.    All of the aforementioned false representations of material facts were made by Defendants with the intent to deceive Plaintiff.  Prior to the lapse of the statute of limitations, Defendants intended to deceive Plaintiff into thinking her claim was being handled properly. Following the lapse of the statute of limitations, Defendants intended to deceive Plaintiff into thinking Defendants were not responsible for the loss of her claim.

98.    Plaintiff reasonably relied on Defendants' false representations relating to the progress of the case, and relying on Defendants' representations that the case was progressing and everything was fine, Plaintiff permitted Defendants to continue to represent her and handle her claim and Plaintiff did not seek additional or other counsel or take any steps to otherwise protect or preserve her claim.

99.    As a direct and proximate result of Defendants' fraud, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 are time-barred.

100.    But for Defendants' fraud, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

101.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent, principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis & Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Denicole Young demands judgment against Defendants William F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1) compensatory damages in the amount of not less than $1,000,000.00, which amount will be proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such other and further relief as this Court deems proper.

### COUNT X
### (Vanessa Ghee)
### Fraud

102.    Paragraphs 1-101 are hereby incorporated as if fully set forth here.

103.    Beginning in 2004 after signing the Retainer Agreement, and continuing throughout 2005, Plaintiff Vanessa Ghee and/or Denicole Young maintained contact with Defendant William F. Burton, Esquire.  Throughout this time period, Plaintiff Vanessa Ghee and/or Denicole Young discussed the status and progress of their case with Mr. Burton, either on the telephone or in person.  On numerous occasions, Mr. Burton represented to Plaintiff Vanessa Ghee and/or Denicole Young that the case was progressing, and that he was advancing the claim. This type of reassuring conversation took place often throughout 2003, 2004, and into 2005, and among other dates and times, specifically occurred on or about August 11, 2005.

104.    Following July 1, 2005, throughout the remainder of 2005, including after the date that the statute of limitations lapsed, and into 2006, Plaintiff Vanessa Ghee and/or Denicole Young discussed the status and progress of their case with Mr. Burton, either on the telephone or in person. On numerous occasions following July 1, 2005, Mr. Burton represented to Plaintiff Vanessa Ghee and/or Denicole Young that the case was progressing, and that he was advancing their claim. This type of reassuring conversation took place often in 2005 and into 2006, and among other dates and times, specifically occurred on or about August 11, 2005 and January 12, 2006.

105.    Defendants made false representations to Plaintiff by, *inter alia*:

    (a) representing to Plaintiff throughout 2003, 2004, and into 2005 that everything was proceeding well and progressing smoothly with her case prior to the lapse of the statute of limitations, even though Defendants were not properly preparing the case for timely filing;

    (b) representing to Plaintiff that everything was proceeding well and progressing smoothly with her case after the lapse of the statute of limitations, in late 2005 and early 2006, even though Defendants had already allowed the statute of limitations to run;

    (c) representing to Plaintiff that her case had been properly filed but had been rejected by the court for unknown reasons, even though Defendants knew that the case had not been properly filed and/or knew why the case had been rejected; and

    (d) representing to Plaintiff that Defendant L&T had terminated Plaintiff as a client prior to the lapse of the statute of limitations, even though no

timely termination ever occurred, and Defendants had maintained

contact with Plaintiff following the date of the alleged termination.

106.    Through a purported July 1, 2005 letter signed by Ms. Sharon Tompkins, and the

delivery of same to Plaintiff in May of 2006 by Mr. Burton, Defendants made false

representations to Plaintiff by, *inter alia*:

>    (a) representing to Plaintiff that she had in fact been terminated as a client
>
>    by Defendants by this July 1, 2005 letter even though Plaintiff had never
>
>    seen, read, or received this letter;
>
>    (b) representing to Plaintiff that the content, substance, nature, and date of
>
>    the July 1, 2005 letter were true and accurate;
>
>    (c) representing to Plaintiff that the July 1, 2005 letter was in the client file
>
>    and something of which Plaintiff should have been aware; and
>
>    (d) representing to Plaintiff that everything was proceeding well and
>
>    progressing smoothly with her case after the date of the letter, even
>
>    though, if the letter was true and correct, Defendants had terminated
>
>    Plaintiff as a client and were not properly preparing the case for timely
>
>    filing at any point after July 1, 2005.

107.    All of the aforementioned false representations relate to a material fact, namely

the timely filing and preservation of Plaintiff's personal injury claims. All of the aforementioned

false representations of material facts were made directly to Plaintiff.

108.    At the time Defendants made the aforementioned false representations of material

facts, Defendants knew the representations to Plaintiff were false. Defendants knew that they

were not properly handling Plaintiff's claim prior to the lapse of the statute of limitations.

Defendants knew they were not properly handling Plaintiff's claim after the lapse of the statute of limitations.

109.    All of the aforementioned false representations of material facts were made by Defendants with the intent to deceive Plaintiff.  Prior to the lapse of the statute of limitations, Defendants intended to deceive Plaintiff into thinking her claim was being handled properly. Following the lapse of the statute of limitations, Defendants intended to deceive Plaintiff into thinking Defendants were not responsible for the loss of her claim.

110.    Plaintiff reasonably relied on Defendants' false representations relating to the progress of the case, and relying on Defendants' representations that the case was progressing and everything was fine, Plaintiff permitted Defendants to continue to represent her and handle her claim and Plaintiff did not seek additional or other counsel or take any steps to otherwise protect or preserve her claim.

111.    As a direct and proximate result of Defendants' fraud, and through no fault of Plaintiff, Plaintiff's otherwise meritorious lawsuit(s) arising from her exposure to toxic mold and/or raw sewage in or about August or September of 2002 are time-barred.

112.    But for Defendants' fraud, Plaintiff would have recovered in the underlying case substantial compensatory damages for the severe and permanent injuries resulting from her exposure to toxic mold and/or raw sewage, in an amount not less than $1,000,000.00, which amount shall be proven at trial.

113.    Defendant William F. Burton, Esquire was at all relevant times an attorney and partner with the law firm of Lewis & Tompkins, P.C., and at all relevant times, Mr. Burton acted within the scope of his employment, partnership, and/or agency with Lewis & Tompkins, P.C., who was aware of, participated in, ratified and/or affirmed the actions of its employee, agent,

principal and/or partner, William F. Burton, Esquire, thereby rendering Defendant Lewis &
Tompkins, P.C. liable for all of Defendant William F. Burton's tortious acts and omissions.

WHEREFORE, Plaintiff Vanessa Ghee demands judgment against Defendants William
F. Burton, Esquire and Lewis & Tompkins, P.C., jointly and severally, as follows: (1)
compensatory damages in the amount of not less than $1,000,000.00, which amount will be
proven at trial; (2) punitive damages in the amount of not less than $1,000,000.00; (3) all costs
associated with this action; (4) pre- and post-judgment interest as permitted by law; and (5) such
other and further relief as this Court deems proper.

**JURY TRIAL REQUESTED**

Plaintiffs, by counsel, respectfully request a trial by jury on all issues.

**Respectfully submitted,**

**DENICOLE YOUNG**

**and**

**VANESSA GHEE**

By:  **Peter C. Grenier, D.C. Bar No. 418570**
**Bode & Grenier, LLP**
**1150 Connecticut Avenue, N.W.**
**Ninth Floor**
**Washington, D.C. 20036-4192**
**(202) 828-4100**
**Counsel for Plaintiffs**

**Dated: May 29, 2007**

**I (a) PLAINTIFFS**

Denicole Young; and
Vanessa Ghee

**DEFENDANTS**

William F. Burton, Esq.; and
Lewis & Tompkins, P.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____88888_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter C. Grenier, Esq.
Bode & Grenier, LLP
1150 Connecticut Ave., NW
Ninth Floor
Washington, DC 20036 - (202) 828-4100

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

● 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

● **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)**     **OR**     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. § 1332 (a)(1) -- Legal Malpractice

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ `4,000,000.00` | Check YES only if demanded in complain |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒   NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE **5/29/07**   SIGNATURE OF ATTORNEY OF RECORD   *Peter C. Grenier*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II.**

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.