UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| _____ : | |
| DENICOLE YOUNG : | |
| 5990 Richmond Highway, Apt. 201 : | |
| Alexandria, Virginia 22303 : | |
| : | |
| and : | |
| : | |
| VANESSA GHEE : | |
| 5990 Richmond Highway, Apt. 201 : | |
| Alexandria, Virginia 22303 : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 1:07cv983 (ESH) |
| : | |
| WILLIAM F. BURTON, ESQUIRE : | |
| 1221 E. Street, S.E. : | |
| Washington, D.C.  20003 : | |
| : | |
| and : | |
| : | |
| LEWIS & TOMPKINS, P.C. : | |
| 1030 15th Street, N.W. : | |
| Washington, D.C.  20005 : | |
| : | |
| Serve: : | |
| D.C. Registered Agent, Inc. : | |
| 1120 20th Street, N.W. : | |
| S. Tower, #300-RLK : | |
| Washington, D.C. 20036 : | |
| : | |
| Defendants. : | |
| _____ : | |

### ANSWER BY DEFENDANT LEWIS & TOMPKINS, P.C.

Defendant, Lewis & Tompkins, P.C. ("Lewis & Tompkins"), by their counsel, CARR

MALONEY P.C., and in answer to the Plaintiffs' Complaint states as follows:

### Jurisdiction and Venue

1.      The allegations in paragraph no. 1 contain a legal conclusion to which no response is

required.

2.     The allegations in paragraph no. 2 contain a legal conclusion to which no response is required.

3.     The allegations in paragraph no. 3 contain a legal conclusion to which no response is required.

## **Parties**

4.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 4 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

5.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 5 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

6.     Defendant denies the allegations contained in the first two sentences of paragraph no. 6 of plaintiffs' Complaint and demands strict proof thereof.  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the remaining sentences of paragraph no. 6 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

7.     Defendant denies the allegations contained in the first two sentences of paragraph no. 7 of plaintiffs' Complaint and demands strict proof thereof.  With respect to the last sentence of paragraph no. 7, defendant admits that it held itself out to the public as competent practitioners in the area of personal injury law, but can make no representations as to plaintiffs, and therefore denies same and demands strict proof thereof.

## **Facts**

8.     Defendant is without knowledge or information sufficient to admit or deny the

answer

allegations contained in paragraph no. 8 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

9.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 9 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

10.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 10 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

11.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 11 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

12.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 12 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

13.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 13 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

14.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 14 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

15.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 15 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

16.    Defendant is without knowledge or information sufficient to admit or deny the

allegations contained in paragraph no. 16 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

17.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 17 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

18.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of paragraph no. 18 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.   Defendant denies the allegations contained in the second sentence of paragraph no. 18 of plaintiffs' Complaint and demands strict proof thereof.

19.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 19 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.  In addition, defendant contends that the document referred to in paragraph 19 is not attached to the Complaint, and therefore defendant can neither admit nor deny the allegations contained therein.

20.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 20 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

21.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 21 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

22.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 22 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

23.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 23 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

24.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 24 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

25.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 25 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

26.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 26 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

27.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 27 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

28.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 28 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

29.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 29 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

30.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 30 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

answer

31.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 31 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

32.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 32 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

33.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 33 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

34.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 34 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

35.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 35 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

36.    Defendant denies the allegations contained in paragraph no. 36 of plaintiffs' Complaint and demands strict proof thereof.

37.    Defendant denies the allegations contained in paragraph no. 37 of plaintiffs' Complaint and demands strict proof thereof.

38.    Paragraph no. 38 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

39.    Defendant denies the allegations contained in paragraph no. 39 of plaintiffs' Complaint and demands strict proof thereof.

answer

**COUNT I**
**(Denicole Young)**
**Professional Negligence**

40.     In response to the allegations contained in paragraph 40 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 39 as if fully set forth therein.

41.     Paragraph no. 41 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

42.     Paragraph no. 42 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

43.     Paragraph no. 43 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

44.     Paragraph no. 44 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

45.     Paragraph no. 45 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

46.     Defendant denies the allegations contained in paragraph no. 46 of plaintiffs' Complaint and demands strict proof thereof.

**COUNT II**
**(Vanessa Ghee)**
**Professional Negligence**

47.    In response to the allegations contained in paragraph 47 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 46 as if fully set forth therein.

48.    Paragraph no. 48 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

49.    Paragraph no. 49 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

50.    Paragraph no. 50 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

51.    Paragraph no. 51 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

52.    Paragraph no. 52 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

53.    Defendant denies the allegations contained in paragraph no. 53 of plaintiffs' Complaint and demands strict proof thereof.

## COUNT III
### (Denicole Young)
### Breach of Contract

54.    In response to the allegations contained in paragraph 54 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 53 as if fully set forth therein.

55.    Paragraph no. 55 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

56.    Paragraph no. 56 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

57.    Paragraph no. 57 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

58.    Paragraph no. 58 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

59.    Defendant denies the allegations contained in paragraph no. 59 of plaintiffs' Complaint and demands strict proof thereof.

## COUNT IV
### (Vanessa Ghee)
### Breach of Contract

60.    In response to the allegations contained in paragraph 60 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 59 as if fully set forth therein.

61.     Paragraph no. 61 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

62.     Paragraph no. 62 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

63.     Paragraph no. 63 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

64.     Paragraph no. 64 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

65.     Defendant denies the allegations contained in paragraph no. 65 of plaintiffs' Complaint and demands strict proof thereof.

### COUNT V
### (Denicole Young)
### Wanton and Willful Misconduct; Reckless and
### Conscious Disregard for the Rights of Denicole Young

66.     In response to the allegations contained in paragraph 66 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 65 as if fully set forth therein.

67.     Paragraph no. 67 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

68.     Paragraph no. 68 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict

answer

proof thereof.

69.    Paragraph no. 69 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

70.    Defendant denies the allegations contained in paragraph no. 70 of plaintiffs' Complaint and demands strict proof thereof.

**COUNT VI**
**(Vanessa Ghee)**
**Wanton and Willful Misconduct; Reckless and**
**Conscious Disregard for the Rights of Vanessa Ghee**

71.    In response to the allegations contained in paragraph 71 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 70 as if fully set forth therein.

72.    Paragraph no. 72 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

73.    Paragraph no. 73 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

74.    Paragraph no. 74 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

75.    Defendant denies the allegations contained in paragraph no. 75 of plaintiffs' Complaint and demands strict proof thereof.

## COUNT VII
### (Denicole Young)
### Breach of Fiduciary Duties

76.    In response to the allegations contained in paragraph 760 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 75 as if fully set forth therein.

77.    Paragraph no. 77 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

78.    Defendant denies the allegations contained in paragraph no. 78 of plaintiffs' Complaint and demands strict proof thereof.

79.    Paragraph no. 79 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

80.    Paragraph no. 80 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

81.    Paragraph no. 81 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

82.    Defendant denies the allegations contained in paragraph no. 82 of plaintiffs' Complaint and demands strict proof thereof.

## COUNT VIII
### (Vanessa Ghee)
### Breach of Fiduciary Duties

83.    In response to the allegations contained in paragraph 83 of the Complaint,

defendant adopts all admissions and denials contained in paragraphs 1 through 82 as if fully set forth therein.

84.    Paragraph no. 84 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

85.    Defendant denies the allegations contained in paragraph no. 85 of plaintiffs' Complaint and demands strict proof thereof.

86.    Paragraph no. 86 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

87.    Paragraph no. 87 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

88.    Paragraph no. 88 calls for a legal conclusion to which no response is required.  To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

89.    Defendant denies the allegations contained in paragraph no. 89 of plaintiffs' Complaint and demands strict proof thereof.

**COUNT IX**
**(Denicole Young)**
**<u>Fraud</u>**

90.    In response to the allegations contained in paragraph 90 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 89 as if fully set forth therein.

91.    Defendant is without knowledge or information sufficient to admit or deny the

allegations contained in paragraph no. 91 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

92.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 92 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

93.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 93 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

94.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 94 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

95.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 95 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

96.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 96 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

97.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 97 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

98.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 98 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

99.     Paragraph no. 99 calls for a legal conclusion to which no response is required.  To

the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

100.    Paragraph no. 100 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

101.    Defendant denies the allegations contained in paragraph no. 101 of plaintiffs' Complaint and demands strict proof thereof.

## COUNT X
### (Vanessa Ghee)
#### Fraud

102.    In response to the allegations contained in paragraph 102 of the Complaint, defendant adopts all admissions and denials contained in paragraphs 1 through 101 as if fully set forth therein.

103.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 103 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

104.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 104 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

105.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 105 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

106.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 106 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

answer

107.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 107 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

108.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 108 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

109.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 109 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

110.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 110 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

111.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 111 of plaintiffs' Complaint, and therefore, denies the allegations and demands strict proof thereof.

112.     Paragraph no. 112 calls for a legal conclusion to which no response is required. To the extent that such a response is required, defendant denies the allegations and demands strict proof thereof.

113.     Defendant denies the allegations contained in paragraph no. 113 of plaintiffs' Complaint and demands strict proof thereof.

WHEREFORE, the defendant, Lewis & Tompkins, respectfully requests that the Complaint filed herein against it be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiffs and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

answer

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRD DEFENSE

Defendant avers that any injuries, losses, and damages claimed by the plaintiffs herein were the result of the plaintiffs' sole and/or contributory negligence.

## FOURTH DEFENSE

Defendant avers that the claim alleged in plaintiffs' Complaint is barred by the plaintiffs' assumption of the risk.

## FIFTH DEFENSE

Defendant avers that the claim alleged in plaintiffs' Complaint is barred due to the negligence and/or affirmative conduct of others for whom in law this defendant is not responsible.

## SIXTH DEFENSE

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

## SEVENTH DEFENSE

That at all times applicable hereto the defendant complied with the standard of care of reasonably competent practitioners acting in the same or similar circumstances.

## EIGHTH DEFENSE

Defendant avers that the plaintiffs' claim for punitive damages violates the excessive fines clause of the Eighth Amendment of the United States Constitution.

## NINTH DEFENSE

Plaintiffs' claim is barred by the doctrines of waiver, estoppel and/or laches.

TENTH DEFENSE

Defendant avers that there is a lack of proximate cause between any action or inaction on its part, and plaintiffs' allegations of damages set forth in the Complaint.

ELEVENTH DEFENSE

Defendant contends that certain of the actions alleged in the Complaint are *ultra vires*.

TWELFTH DEFENSE

Defendant specifically denies any and all allegations of wanton and willful misconduct, breach of fiduciary duty, and fraud.

THIRTEENTH DEFENSE

Defendant reserves the right to amend this Answer as discovery proceeds.

WHEREFORE, the defendant, Lewis & Tompkins, P.C., respectfully requests that the Complaint filed herein against it be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiffs and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

Respectfully submitted,

CARR MALONEY P.C.

By    ___/s/_____
Paul J. Maloney, #362533
Colleen E. Durbin, #500039
1615 L Street, N.W., Suite 500
Washington, D.C.  20006
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

answer

JURY DEMAND

Defendant demands a trial by jury as to all issues raised herein.


_____/s/_____
Paul J. Maloney


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Lewis & Tompkins, P.C. to Plaintiffs' Complaint was electronically filed this 18th day of June, 2007, to:

Peter Grenier, Esquire
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C.  20036

Deborah M. Whelihan, Esquire
Jordan Coyne & Savits, LLP
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036


_____/s/_____
Paul J. Maloney

answer