IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICOLE YOUNG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.:  07-cv-00983 (ESH) |
| | ) |
| | ) |
| WILLIAM F. BURTON, ESQUIRE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ANSWER OF DEFENDANT WILLIAM F. BURTON, ESQUIRE
TO PLAINTIFFS' COMPLAINT**

In accordance with Federal Rule of Civil Procedure 12, the defendant, William F. Burton,

Esquire ("Burton"), by and through his attorneys, JORDAN, COYNE & SAVITS, L.L.P. and

Deborah Murrell Whelihan, answers the Complaint filed by the plaintiffs, Denicole Young

("Young") and Venessa Ghee ("Ghee"), and states as follows:

FIRST DEFENSE

The defendant Burton avers that any and all allegations not affirmatively admitted herein

are denied.  Answering the enumerated paragraphs of the Complaint, the defendant Burton states

as follows:

1.      As to the unnumbered first paragraph of the first section, entitled "Nature of

Case," and as to the paragraphs numbered 1, 2, and 3 of the second section, entitled "Jurisdiction

and Venue," the defendant Burton is not required to answer the averments of those paragraphs as

those averments are legal conclusions regarding the plaintiffs' claims and regarding the bases for

jurisdiction and venue.  However, with respect to those averments of the unnumbered first

paragraph of the first Section of the Complaint, entitled "Nature of Case," the defendant Burton

denies that he committed any acts of legal malpractice or any willful misconduct, breach of fiduciary duty, and fraud.  As to the jurisdictional averment in paragraph 2 of the second section that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), the defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averment regarding the plaintiffs' injury claims and regarding the causality for those claims.

2.      As to the paragraphs numbered 4 and 5 of the third section, entitled "Parties," the defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averment regarding the plaintiffs' present residency in Alexandria Virginia.

3.      As to the paragraph numbered 6 of the third section, entitled "Parties," the defendant Burton admits that he is an attorney and that he has been an attorney since 1991 and that, from March of 2003 to the late Spring of 2006, he practiced law as an employee of the professional corporation of the law firm of Lewis & Tompkins, P.C. ("L&T") at its location of 1030 15th Street, N.W., Washington, D.C.  The defendant Burton admits that he believes himself to be a competent practitioner of personal injury law and has practiced personal injury law since his admission to the Bar in 1991.  The defendant Burton is "AV" peer review rated by Martindale-Hubbell, but denies that he expressly "held himself out to the public or to the plaintiffs" as a "competent practitioner in the area of personal injury law" by statements that he made.  The defendant Burton admits that he resides and works in the District of Columbia.

4.      As to the paragraph numbered 7 of the third section, entitled "Parties," the defendant Burton admits that it is his understanding that the defendant L&T is a professional corporation with its office address at 1030 15th Street, N.W., Washington, D.C.  20005.  The

2

defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the remaining averments made regarding L&T and the legal contentions contained therein.

5.    As to the paragraphs numbered 8 and 9 of the fourth section entitled "Facts," the defendant Burton admits that it was his understanding that the plaintiffs had a lease with Stanton Glenn Apartments in the building located at 3064 Stanton Road, S.E., Washington, D.C., which lease was signed in August of 2002.  The defendant Burton further admits that the plaintiffs claimed to have been exposed to toxic mold and/or raw sewage in the apartment within a few weeks of moving into the apartment.

6.    As to the paragraphs numbered 10, 11, 12, and 13 of the fourth section entitled "Facts," the defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averments regarding the plaintiff's alleged injuries and the proximate cause for those injuries.  The defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averments that he discussed any potential claims with the plaintiff Young regarding her apartment at the Stanton Glenn Apartments in September 2002, as he believes that all conversations about his retainer occurred in 2003.  The defendant Burton denies that he discussed his joining of the defendant L&T with the plaintiff Young in September of 2002.

7.    As to the paragraphs numbered 14 of the fourth section entitled "Facts," the defendant Burton admits that he learned that the plaintiff Young was admitted to George Washington Hospital for treatment due to illness, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of that paragraph.

8.    As to the paragraph numbered 15 of the fourth section entitled "Facts," the

3

defendant Burton admits to the averment of that paragraph.

9.      As to the paragraph numbered 16 of the fourth section entitled "Facts," the defendant Burton admits that the plaintiff Young told him that she had ongoing medical treatment due to illness from various health care providers including the National Institutes of Health, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averment of that paragraph regarding the causation for that medical treatment being because of exposure to toxic mold and/or raw sewage.

10.     As to the paragraph numbered 17 of the fourth section entitled "Facts," the defendant Burton admits to the averment of that paragraph.

11.     As to the paragraph numbered 18 of the fourth section entitled "Facts," the defendant Burton admits to the averment of that paragraph that he met with the plaintiffs.  The defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the remaining averment of that paragraph that the plaintiffs also met with Ms. Tompkins.

12.     As to the paragraph numbered 19 of the fourth section entitled "Facts," the defendant Burton admits that the plaintiff Young signed a Retainer Agreement with the defendant L&T on May 3, 2003, but contends that the Retainer Agreement speaks for itself.

13.     As to the paragraph numbered 20 of the fourth section entitled "Facts," the defendant Burton admits that the plaintiff Ghee signed a Retainer Agreement with the defendant L&T on January 4, 2004, but contends that the Retainer Agreement speaks for itself.

14.     As to the paragraph numbered 21 of the fourth section entitled "Facts," the defendant Burton admits that the plaintiffs provided some of the information to him that he requested and that the plaintiffs cooperated with him.  The defendant Burton denies that the

4

plaintiffs provided "all information requested from them" or that they "in all respects cooperated fully with any directive."

15.     As to the paragraph numbered 22 of the fourth section entitled "Facts," the defendant Burton admits that he and the plaintiffs had contact about his investigation into their claims from time-to-time.  The defendant Burton denies that the plaintiff "maintained regular contact" with him insofar as "regular contact" is not defined.  The defendant Burton admits that he told the plaintiffs that he was working on the investigation of their claims, but denies the remaining averment of that paragraph.

16.     As to the paragraph numbered 23 of the fourth section entitled "Facts," the defendant Burton admits that, towards the end of 2005 and early in 2006, his communication with the plaintiffs decreased.  The defendant Burton denies the remaining averment of that paragraph.

17.     As to the paragraph numbered 24 of the fourth section entitled "Facts," the defendant Burton admits that he discussed the plaintiffs' case with them.  The defendant Burton denies the remaining averments of the paragraph.

18.     As to the paragraph numbered 25 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph.

19.     As to the paragraph numbered 26 of the fourth section entitled "Facts," the defendant Burton admits that he communicated with the plaintiffs in May of 2006.  The defendant Burton denies the remaining averments of the paragraph.

20.     As to the paragraph numbered 27 of the fourth section entitled "Facts," the defendant Burton admits that he discussed with the plaintiffs that the plaintiffs' complaint had

been rejected by the Superior Court of the District of Columbia.  The defendant Burton denies the remaining averments of the paragraph.

21.     As to the paragraph numbered 28 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph.

22.     As to the paragraph numbered 29 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph, except that the defendant Burton admits that he met with the plaintiffs to provide them with a copy of the L&T file.

23.     As to the paragraph numbered 30 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph, except that the defendant Burton admits that he met with the plaintiffs and that he provided them with a copy of the L&T file.

24.     As to the paragraph numbered 31 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph, except that the defendant Burton admits that he met with the plaintiffs.

25.     As to the paragraph numbered 32 of the fourth section entitled "Facts," the defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averments of that paragraph, except that the defendant Burton denies that the July 1, 2005 letter written by Ms. Tompkins to the plaintiffs was purported.

26.     As to the paragraph numbered 33 of the fourth section entitled "Facts," the defendant Burton is without knowledge or information sufficient to form a belief as to the truth of the averments of that paragraph.

27.     As to the paragraph numbered 34 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph.

28.     As to the paragraph numbered 35 of the fourth section entitled "Facts," the defendant Burton admits that he told the plaintiffs that he believed that the July 1, 2005 letter sent by Ms. Tompkins was written when he was on vacation, but denies that he told the plaintiffs that Ms. Tompkins wrote the letter in the Spring of 2006.

29.     As to the paragraph numbered 36 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph.

30.     As to the paragraph numbered 37 of the fourth section entitled "Facts," the defendant Burton denies the averments of that paragraph.

31.     As to the paragraph numbered 38 of the fourth section entitled "Facts," the defendant Burton is not required to answer the averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

32.     As to the paragraph numbered 39 of the fourth section entitled "Facts," the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

33.     In answer to the paragraph 40 of Count I, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 39.

34.     In answer to the paragraphs numbered 41-46 of Count I, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies that he was negligent.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

7

35.    In answer to the paragraph 47 of Count II, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 46.

36.    In answer to the paragraphs numbered 48-53 of Count II, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies that he was negligent.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

37.    In answer to the paragraph 54 of Count III, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 53.

38.    In answer to the paragraphs numbered 55-59 of Count III, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies any breach of contract.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

39.    In answer to the paragraph 60 of Count IV, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 59.

40.    In answer to the paragraphs numbered 61-65 of Count IV, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies any breach of contract.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

41.    In answer to the paragraph 66 of Count V, the defendant Burton adopts and

incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 65.

42.    In answer to the paragraphs numbered 67-70 of Count VI, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies any alleged acts of wilful misconduct or alleged acts of reckless disregard.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

43.    In answer to the paragraph 71 of Count VI, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 70.

44.    In answer to the paragraphs numbered 72-75 of Count VI, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies any alleged acts of wilful misconduct or alleged acts of reckless disregard.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

45.    In answer to the paragraph 76 of Count VII, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 75.

46.    In answer to the paragraphs numbered 77-82 of Count VII, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies the breach of any fiduciary duties owed to the plaintiffs.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the

plaintiffs' claims.

47.    In answer to the paragraph 83 of Count VIII, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 82.

48.    In answer to the paragraphs numbered 84-89 of Count VIII, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies the breach of any fiduciary duties owed to the plaintiffs.  The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

49.    In answer to the paragraph 90 of Count IX, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 89.

50.    In answer to the paragraphs numbered 91-101 of Count IX, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies that he committed any alleged acts of fraud, including misrepresenting the status of the plaintiffs' case. The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

51.    In answer to the paragraph 102 of Count X, the defendant Burton adopts and incorporates by reference his answers and responses to the allegations made in the preceding paragraphs, those unnumbered and those numbered 1 through 101.

52.    In answer to the paragraphs numbered 103-113 of Count X, the defendant Burton admits that he was an attorney with the defendant L&T in 2003-2006, but denies that he

committed any alleged acts of fraud, including misrepresenting the status of the plaintiffs' case. The defendant Burton is not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiffs' claims.

## SECOND DEFENSE

The Complaint and its claims fail to state a claim upon which relief can be granted to the plaintiffs against the defendant Burton. The defendant Burton denies that the plaintiffs' underlying case had substantial merit and avers that the plaintiffs must prove that they would have been successful in the prosecution of their claims to judgment and in collection of those judgments in order to prove professional negligence or breach of contract as to the defendants.

## THIRD DEFENSE

The defendant Burton denies that he committed any acts of fraud or that he breached any fiduciary duties owed to the plaintiffs.

## FOURTH DEFENSE

The defendant Burton denies that he was negligent and avers that he acted with the degree of care and skill that reasonably competent attorneys acting in similar circumstances would use and that he breached no duties, in tort or contract, owed to the plaintiffs.

## FIFTH DEFENSE

The defendant Burton alleges that the injuries, losses, and damages, if any, claimed by the plaintiffs were caused by their failure to pursue their claims prior to the expiration of the statute of limitations after the defendant L&T terminated the attorney-client relationship and rejected their case.

## SIXTH DEFENSE

The Complaint is barred by the doctrine of judgmental immunity and by the doctrine of impossibility.

## SEVENTH DEFENSE

The plaintiffs' Complaint is barred by the scope of the retainer agreements between them and the defendant L&T.

## EIGHTH DEFENSE

The defendant Burton alleges that the plaintiffs' Complaint is barred by the plaintiffs' Contributory Negligence.

## NINTH DEFENSE

These defendant Burton alleges that the injuries, losses, and damages, if any, claimed by the plaintiffs were caused by their Assumption of the Risk.

## TENTH DEFENSE

The defendant Burtons alleges that there has been a failure by the plaintiffs to mitigate any of their alleged damages.

## ELEVENTH DEFENSE

The defendant Burton alleges cumulatively, or in the alternative, that Complaint is barred by the doctrines of waiver and ratification.

## TWELFTH DEFENSE

The defendant Burton contends that the plaintiffs' claims for punitive damages are limited by law and barred by the absence of actual malice or evil motive on his part sufficient to entitle the plaintiffs to obtain punitive damages.

12

<u>THIRTEENTH DEFENSE</u>

The defendant Burton alleges that each and all of the injuries, losses, and/or damages, if any, claimed by the plaintiffs were caused and proximately caused by pre-existing and/or subsequent conditions, which are not attributable to their alleged exposure to toxic mold and/or raw sewage.

<u>FOURTEENTH DEFENSE</u>

The defendant Burton has no information or knowledge to form a belief as to the truth of the plaintiffs' alleged damages, injuries, and/or losses as to set forth in the Complaint, and, accordingly, denies the same and demands strict proof thereof.

WHEREFORE, having fully answered the plaintiffs' Complaint, the defendant, William F. Burton, requests that the Complaint be dismissed <u>with prejudice</u> and that appropriate costs be awarded in his favor against the plaintiffs.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.


By: /s/  *Deborah Murrell Whelihan*
        Deborah Murrell Whelihan #412454
        1100 Connecticut Avenue, N.W.
        Suite 600
        Washington, D.C.  20036
        (202) 296-4747

Attorneys for Defendant William F. Burton, Esquire

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copies of the foregoing Answer of Defendant William F.

Burton, Esquire to Plaintiffs' Complaint was sent electronically and mailed, postage prepaid, this

<u>19th</u> day of June, 2007, to:

> Peter C. Grenier, Esquire;
> BODE & GRENIER, LLP
> 1150 Connecticut Avenue, N.W.
> Ninth Floor
> Washington, D.C.  20036
>
>         and
>
> Paul J. Maloney, Esquire
> CARR MALONEY P.C.
> 1615 L Street, N.W.
> Suite 500
> Washington, D.C.  20036-5652

> /s/ *Deborah Murrell Whelihan*
> Deborah Murrell Whelihan

14