IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICOLE YOUNG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.: 07-cv-00983 (ESH) |
| | ) |
| WILLIAM F. BURTON, ESQUIRE, et al., | ) |
| | ) |
| Defendants. | ) |

**PARTIES' JOINT REPORT TO THE COURT PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR 16.3(d) and this Court's Order for Initial Scheduling Conference dated June 18, 2007; the plaintiffs, Denicole Young and Vanessa Ghee, the defendant, Lewis & Tompkins, P.C., and the defendant, William F. Burton, Esquire; by and through their respective and undersigned counsel, submit this Joint Report and the accompanying Proposed Scheduling Order to this Honorable Court and state as follows:

**I.   Matters Set Forth in Local Rule 16.3(c)**

(1)   There are no dispositive motions presently pending before this Honorable Court. Until discovery has been completed, the parties cannot predict whether this case is likely to be resolved by dispositive motion.

(2)   The parties presently do not anticipate joining any other parties. The parties believe that there should be no deadline for amendments to the pleadings, but that amendments should be governed by the standards set forth in Fed. R. Civ. P. 15 and the cases interpreting that rule. The parties will endeavor to reach agreement with each other about any undisputed factual or legal issues wherever possible and will attempt to narrow any disputed factual and legal issues

after discovery is competed.

(3)  The parties will not consent to the assignment of a Magistrate Judge.

(4)  There is no realistic possibility of settlement at this time.

(5)  The parties have discussed this Honorable Court's alternative dispute resolution ("ADR") procedures and programs.  At this time, the parties do not believe this case would benefit from any ADR program, and the parties do not believe that mediation or ADR would be appropriate at this time, given the communications that have occurred among the plaintiffs and the two defendants' counsel.  The parties anticipate that, during discovery, they will have the opportunity to engage in informal settlement negotiations.  To the extent that any formal ADR should take place, the parties believe that ADR should only occur after discovery is completed.  The parties do not agree to arbitration or to a neutral evaluation.  The parties will, of course, comply with any Court order for ADR, and, to the extent that this Honorable Court deems ADR to be warranted and disagrees with the opinions of the parties about ADR, suggest mediation with a Magistrate Judge after discovery, rather than mediation with an outside, private mediator.

(6)  At this time, the parties cannot file motions to dismiss.  Because of the complicated issues involved in the case and because no discovery has been conducted, the parties cannot predict if this matter will be likely resolved by summary judgment motions.  Proposed dates for the filing of dispositive motions and cross-motions, for the filing of oppositions, and replies are included in the parties' two proposed Scheduling Orders.

(7)  The parties will not stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and have included deadlines for that exchange in the parties' proposed Scheduling Orders.

(8)     The parties have attached two Proposed Scheduling Order because the plaintiffs and the defendants disagree about the total amount of time which will be needed to complete pre-trial discovery.  The plaintiffs believe that discovery can be completed by February 15, 2008.  The defendants believe that they cannot complete all discovery until May 30, 2008 because of the number of potential fact witnesses and because of the number of potential expert witnesses which they estimate will be needed to prosecute and to defend the plaintiffs' claims.  The parties anticipate that they may possibly request protective orders or an order of confidentiality, governing the disclosure of certain protected and confidential documents in discovery depending upon the discovery requests made by the other parties.

(9)     The parties do not believe any revisions are necessary to the requirement of the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2).  The parties do believe that there should be a deadline for each side to identify all of their proposed experts, but the plaintiffs and the defendants disagree about the proposed deadlines.  The defendants are concerned that this case will be expert intensive that each side may have as many as six (6) experts.  Therefore, the defendants have proposed that they be given ninety (90) days between the time that the plaintiffs provide their designation of their experts in order for them to depose the plaintiffs' experts before they must designate their defendants' experts.  The plaintiffs have suggested that the defendants have less than sixty (60) days to conduct discovery about the plaintiffs' experts, which the defendants do not feel is an adequate time frame for them to complete the depositions and provide adequate disclosures to the plaintiffs about the identity of their experts and about the opinions of those experts.  Consequently, because of the disagreement over the deadline for the defendants' expert disclosures and the deadline for discovery, the

parties have attached two different proposed orders with schedules that reflect their respective positions about the proposed schedule for pre-trial discovery.

    (10)    The present case does not involve a class action.

    (11)    The parties do not believe that bifurcation will be useful. The defendants do believe that discovery should be handled in phases with the depositions of the plaintiffs' expert witnesses prior to their expert witness designation deadline.

    (12)    The plaintiffs suggest that a pre-trial conference be scheduled thirty (30) days after the close of discovery. The defendants suggest that the pre-trial conference be scheduled between thirty (30) days and sixty (60) days after this Honorable Court rules on any filed motions for summary judgment and that trial date be scheduled at that pre-trial conference.

    (13)    The parties agree that this Honorable Court should set a trial date at the pre-trial conference between thirty (30) days and sixty (60) days after the pre-trial conference based upon the schedule of this Honorable Court and the schedule of the parties. The parties estimate that trial will take at least 7-10 days.

    (14)    The parties have no other matters for inclusion in the Scheduling Order.

**II.**    **Arrangements for Exchange of Initial Discovery**

As noted herein, the parties have agreed to deadlines for the exchange of initial disclosures which are reflected in the two proposed Scheduling Orders.

**III.**    **Discovery Plan**

The parties anticipate employing the standard discovery mechanisms as set forth in Federal Rules of Civil Procedure 26 through 36. Proposed scheduling dates for completion of

discovery are set forth in the attached Proposed Scheduling Order. The parties have no additional proposals at this time.

Respectfully submitted,

| BODE & GRENIER, LLP | CARR MALONEY P.C. |
|---|---|
| By: /s/ **Peter C. Grenier** | By: /s/ **Paul J. Maloney** |
| Peter C. Grenier,#418570 | Paul J. Maloney, #362533 |
| Bode & Grenier, LLP | Colleen E. Durbin, #500039 |
| 1150 Connecticut Avenue, N.W. | 1615 L Street, N.W. |
| 9th Floor | Suite 500 |
| Washington, D.C. 20036 | Washington, D.C. 20006 |
| (202) 838-4100 (telephone) | (202) 310-5500 (telephone) |
| (202) 838-4130 (facsimile) | (202) 310-5555 (facsimile) |
| Attorney for Plaintiffs | Attorneys for Defendant Lewis & Tompkins, P.C. |

JORDAN, COYNE & SAVITS, L.L.P.

By: /s/ **Deborah Murrell Whelihan**
Deborah Murrell Whelihan #412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 296-4747 (telephone)
(202) 496-2800 (facsimile)
Attorneys for Defendant William F. Burton, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that a true copies of the foregoing Parties' Joint Report To The Court Pursuant To LcvR 16.3(d) was sent electronically and mailed, postage prepaid, this 29th day of June, 2007, to:

Peter C. Grenier, Esquire;
BODE & GRENIER, LLP
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036

 and

Paul J. Maloney, Esquire
CARR MALONEY P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036-5652


    /s/ ***Deborah Murrell Whelihan***
    Deborah Murrell Whelihan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICOLE YOUNG, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) Civil Action No.: 07-cv-00983 (ESH) |
| | ) |
| | ) |
| WILLIAM F. BURTON, ESQUIRE, et al., | ) |
| | ) |
|    Defendants. | ) |
| | ) |
| _____ | ) |

PLAINTIFFS' PROPOSED SCHEDULING ORDER

     This matter having come before this Court for an initial Status and Scheduling Conference, and the Court having considered the Joint Report to the Court submitted by counsel, it is hereby ORDERED that the parties will comply with the following schedule:

     (1)    That the Deadline for Initial Disclosures shall be August 15, 2007;

     (2)    That the Deadline for Plaintiffs to file their Expert Report and Designation shall be September 19, 2007;

     (3)    That the Deadline for Defendants to file their Expert Report and Designation shall be October 19, 2007;

     (4)    That the Deadline for all fact witness depositions shall be January 11, 2008;

     (5)    That the Deadline for Close of Discovery and filing of the Joint Report as to whether either party intends to file for summary judgment shall be February 15, 2008;

     (6)    That the Deadline for Filing of Dispositive Motions shall be March 10, 2008;

     (7)    That the Deadline for Filing of Oppositions to Dispositive Motions, if any Party files for summary judgment shall be March 31, 2008;

(8) That the Deadline for Filing of Replies in Support of Dispositive Motions, if any party files for summary judgment shall be April 11, 2008;

(9) That the Pre-Trial Conference date shall be scheduled approximately thirty (30) days after the close of discovery, or on or about March 17, 2008; and

(10) That the trial date shall be scheduled between thirty (30) days and sixty (60) days after the pre-trial conference.

_____
Ellen S. Huvelle
UNITED STATES DISTRICT JUDGE

Copies To:

Peter C. Grenier, Esquire
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C. 20036

Paul J. Maloney, Esquire
Colleen E. Durbin, Esquire
Carr Maloney, P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20006

Deborah Murrell Whelihan, Attorney-at-Law
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICOLE YOUNG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) Civil Action No.:  07-cv-00983 (ESH) | |
| ) | |
| WILLIAM F. BURTON, ESQUIRE, et al., ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' PROPOSED SCHEDULING ORDER

This matter having come before this Court for an initial Status and Scheduling Conference, and the Court having considered the Joint Report to the Court submitted by counsel, it is hereby ORDERED that the parties will comply with the following schedule:

(1) That the Deadline for parties to exchange their Initial Disclosures in accordance with Rule (26)(a)(1) shall be July 30, 2007; with the exception of the exchange of Initial Disclosures for electronically stored information;

(2) That the Deadline for the parties to exchange their Initial Disclosure for Electronically stored information shall be August 15, 2007;

(3) That the Deadline for the service of Interrogatories and Document Requests shall be September 28, 2007;

(4) That the Deadline for Plaintiffs to file their Expert Report and Designation in accordance with Rule 26(a)(2) shall be September 19, 2007;

(5) That the Deadline for Defendants to file their Expert Report and Designation in accordance with Rule 26(a)(2) shall be December 19, 2007;

(6)   That the Deadline for Close of Discovery and filing of the Joint Report as to whether any party intends to file for summary judgment shall be May 30, 2008;

(7)   That the Deadline for Filing of Dispositive Motions shall be June 30, 2008;

(8)   That the Deadline for Filing of Oppositions to Dispositive Motions, if any Party files for summary judgment shall be July 18, 2008;

(9)   That the Deadline for Filing of Replies in Support of Dispositive Motions, if any party files for summary judgment shall be July 31, 2008;

(10)  That Dispositive Motions shall be decided by September 14, 2008;

(11)  That the Pre-Trial Conference date shall be scheduled for thirty (30) days after the Court's decision on any dispositive motions; and

(12)  That the trial date shall be scheduled between thirty (30) days and sixty (60) days after the pre-trial conference.

_____
Ellen S. Huvelle
UNITED STATES DISTRICT JUDGE

Copies To:

Peter C. Grenier, Esquire
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C.  20036

Paul J. Maloney, Esquire
Colleen E. Durbin, Esquire
Carr Maloney, P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20006

Deborah Murrell Whelihan, Attorney-at-Law
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036