UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DENICOLE YOUNG,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 07-0983 (ESH) |
| **WILLIAM F. BURTON,** *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Defendants have moved for summary judgment on the grounds that this Court's decision granting their *Daubert* motion means that plaintiffs cannot establish that their injuries were caused by alleged exposure to mold while they lived at Stanton Glen Apartments for 34 days. *See Young v. Burton*, No. 07cv0983, 2008 U.S. Dist. LEXIS 57446 (D.D.C. July 22, 2008). Plaintiffs attempt to avert this result by relying on statements by defendants' medical expert, Dr. S. Michael Phillips. *See* Pls.' Opp'n, Ex. 1. While the statements referenced by plaintiffs indicate that Dr. Phillips is of the opinion that each plaintiff suffered a short-term irritant response while living at the Stanton Glen Apartments, his statements cannot be stretched to satisfy plaintiffs' burden of proof as to causation. A careful reading of Dr. Phillips' statements indicates that the only symptom that could be cited as substantiation for plaintiffs' claim of harm due to exposure to mold is a "minor transient possible irritant reaction." Pls.' Opp'n, Ex. 1 at 18. But that recognition does not constitute an opinion to a reasonable degree of medical certainty

that the minor transient irritant reaction, or any other symptom for that matter, was caused by exposure to mold. Without such a medical opinion, plaintiffs' legal claims cannot survive.[1]

Accordingly, defendant' motion [#30] is granted, and plaintiffs' complaint is dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____/s/_____  
ELLEN SEGAL HUVELLE  
United States District Judge

Date: September 8, 2008

---

[1] Robert Redmond's opinions are of no assistance since he is not qualified to provide causation testimony.