# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 08-7113**

DENICOLE YOUNG AND VANESSA GHEE,
APPELLANTS

v.

WILLIAM F. BURTON, ESQ. AND LEWIS & TOMPKINS, P.C.,
APPELLEES

**September Term, 2009**

FILED ON: OCTOBER 14, 2009

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED OCT 1 4 2009

**CLERK**

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-00983-ESH)

———

Before: ROGERS, TATEL and BROWN, *Circuit Judges*

## J U D G M E N T

**MANDATE**

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: 11 / 2c / c9

BY:

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments by the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed. Appellants in their suit for legal malpractice had the burden of proving their underlying claim would have succeeded but for the conduct of Appellees. *See Niosi v. Aiello*, 69 A.2d 57, 60 (D.C. 1949). To that end, Appellants offered expert witness testimony to demonstrate causation between conditions at their former apartment and various health problems. *See Young v. Burton*, No. 07-cv-0983, slip op. at 1 (D.D.C. July 22, 2008). The District Court thoroughly considered the reliability of that testimony under the framework established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The expert admitted he could not identify, five years later, the specific toxins to which Young and Ghee were exposed and he could not say which of their symptoms were caused by exposure to the damp environment of the apartment. *See Young v. Burton*, No. 07-cv-0983, slip op. at 30–31 (D.D.C. July 22, 2008) (mem. op. granting motion to exclude testimony). As the District Court observed, even taking a "broad view of 'substance' to include 'water-damaged building' and [accepting] 'mold-illness' as a real disease" there is no generally accepted consensus in the scientific community that "exposure to a water-damaged building causes 'mold-illness.'" *Id.* at 31. Clearly, the court did not abuse its discretion by excluding testimony that, based on the expert's own admissions, "would be nothing

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

other than speculation." *Id.* at 35.

The exclusion of Appellants' expert's testimony could not be cured by substituting selective portions of statements from Appellees' medical expert. Those statements, in context, could not be "stretched to satisfy [Appellants'] burden of proof as to causation." *Young v. Burton*, No. 07-0983, slip op. at 1 (September 8, 2008) (mem. op. granting summary judgment). Nor could Appellants' claims survive in the absence of expert testimony on causation, based only on a temporal link between a possible short-term irritant response and a breach of the implied warranty of habitability. Under District of Columbia law, the link between a potentially toxic building environment and symptoms experienced by tenants is "beyond the ken of laypersons." *Brin v. S.E.W. Investors*, 902 A.2d 784, 793 (D.C. 2006). Jurors would have no "rational basis for evaluating" whether the mold caused any medical conditions. *See Lasley v. Georgetown Univ.*, 688 A.2d 1381, 1384 (D.C. 1997). The District Court properly granted summary judgment for Appellees.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.

*PER CURIAM*

**FOR THE COURT:**
**Mark J. Langer, Clerk**

**BY:** /s/

**Michael C. McGrail**
**Deputy Clerk**